UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MIRELLA BARRIGA-BERMUDEZ, GABRIELLA LIZBETH DOMINGUEZ-AVILA, EFREN FLORES-HERNANDEZ, DAMIAN GALICIA-GONZALEZ, SEBASTIAN HERNANDEZ-MENA, JOSE LUIS RAMIREZ-CALVILLO, GUILLERMO RIVERA-MACIAS, and YURELI TORRES,<br><br>Plaintiffs,<br><br>v.<br><br>RODRIGO GUTIERREZ-TAPIA,<br><br>Defendant. | Case No. 8:15-cv-01171-JSM-TGW |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, RODRIGO GUTIERREZ-TAPIA, expressly denying every allegation in the Complaint not specifically admitted or qualified herein, responds to the allegations as follows:

## FIRST DEFENSE

1. Defendant admits that Plaintiffs entered the United States pursuant to H-2A visas to perform agricultural labor. Defendant denies that he failed to meet his legal obligations to Plaintiffs, as alleged in Paragraph 1. Defendant admits that Plaintiffs purport to raise claims under various legal theories but denies that doing so is an indication that unlawful conduct occurred or that Plaintiffs are entitled to any relief or damages.

2. Defendant denies the allegations in Paragraph 2.

3. Defendant admits that Plaintiff Efren Flores-Hernandez purports to raise a claim under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1581, *et seq.*, but denies that doing so is an indication that unlawful conduct occurred or that said Plaintiff is entitled to any relief or damages.

4. Defendant admits that Plaintiffs purport to seek recovery of a variety of relief to which they are not entitled, but denies that doing so is an indication that unlawful conduct occurred or that Plaintiffs are entitled to any relief or damages whatsoever.

## JURISDICTION AND VENUE

5. Defendant admits that the Court has jurisdiction over this action.

6. Defendant admits that venue is proper in this district.

## PARTIES

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant admits that Plaintiffs were admitted to the United States in order to be employed by him as agricultural guest workers.  However, some of the Plaintiffs abandoned their employment with Defendant during times relevant to this action and Defendant does not know what those Plaintiffs may have done after they abandoned their employment with him.

10. Defendant denies the allegations in Paragraph 10, as alleged.

11. Defendant denies the allegations in Paragraph 11, as alleged.

12. Defendant admits the allegations in Paragraph 12, as alleged.

13. Defendant denies the allegations in Paragraph 13, as alleged.

14. Defendant admits the allegations in Paragraph 14, as alleged.

15. Defendant admits the allegations in Paragraph 15, as alleged.

16. Defendant admits the allegations in Paragraph 16, as alleged.

17. Defendant denies the allegations in Paragraph 17, as alleged.

## FACTUAL ALLEGATIONS

18. Paragraph 18 of the Complaint purports to state the statutory and/or regulatory framework of the H-2A program, which speaks for itself, and does not purport to allege any claims or factual allegations implicating conduct by Defendant. Therefore, no response is required.

19. Paragraph 19 of the Complaint, including subparagraphs (a) - (f), purports to state the statutory and/or regulatory framework of the H-2A program, which speaks for itself, and does not purport to allege any claims or factual allegations implicating conduct by Defendant. Therefore, no response is required.

20. Defendant admits the allegations in Paragraph 20.

21. Defendant admits the allegations in Paragraph 21.

22. Defendant admits the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant admits that Plaintiffs traveled at their own expense from their homes to the United States consulate for visa interviews; that the visa interview process generally took two days and involved at least one overnight stay; that each Plaintiff paid

his or her own visa application fee in Mexican pesos equivalent to $190 United States currency ("MRV"); and, that Plaintiffs were reimbursed all relocation costs in accordance with applicable law, including but not limited to those mentioned herein, no later than the end of the first workweek after coming to work for Defendant.

27.     Defendant denies the allegations in Paragraph 27.

28.     Defendant admits that Plaintiffs were interviewed by consular officials at a United States consulate abroad, in accordance with applicable law.

29.     Defendant admits that Plaintiffs were transported by Defendant or Defendant's agents, at no cost to Plaintiffs, from the United States consulate abroad to the United States border at Laredo, Texas, and that each Plaintiff paid $6 to United States Customs and Border Protection for issuance of Form I-94 Arrival document.

30.     Defendant admits the allegations in Paragraph 30.

31.     Defendant admits the allegations in Paragraph 31.

32.     Defendant admits the allegations in Paragraph 32.

33.     Defendant denies the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant admits that Plaintiffs traveled at their own expense from their homes to the United States consulate for visa interviews; that the visa interview process generally took two days and involved at least one overnight stay; that each Plaintiff paid his or her own visa application fee in Mexican pesos equivalent to $190 United States currency ("MRV"); and, that Plaintiffs were reimbursed all relocation costs in accordance with applicable law, including but not limited to those mentioned herein, no later than the end of the first workweek after coming to work for Defendant.

36. Defendant admits that Plaintiffs traveled at their own expense from their homes to the United States consulate for visa interviews; that the visa interview process generally took two days and involved at least one overnight stay; that each Plaintiff paid his or her own visa application fee in Mexican pesos equivalent to $190 United States currency ("MRV"); and, that Plaintiffs were reimbursed all relocation costs in accordance with applicable law, including but not limited to those mentioned herein, no later than the end of the first workweek after coming to work for Defendant.

37. Defendant admits that Plaintiffs were transported by Defendant or Defendant's agents, at no cost to Plaintiffs, from the United States consulate abroad to the United States border at Laredo, Texas, and that each Plaintiff paid $6 to United States Customs and Border Protection for issuance of a Form I-94 Arrival document.

38. Defendant admits the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant admits the allegations in Paragraph 41.

42. Defendant admits the allegations in Paragraph 42.

43. Defendant admits the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant admits that Plaintiff Flores Hernandez was transferred from Florida to North Carolina on or about May 1, 2013.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

## COUNT I

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

## COUNT II

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62

63. Defendant denies the allegations in Paragraph 63, including subparagraphs (a) - (e).

64. Defendant denies the allegations in Paragraph 64.

## COUNT III

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies that Plaintiffs are entitled to any of the relief sought in the "Prayer for Relief" section following Paragraph 74 of the Complaint, including subparagraphs (a) – (g).

## DEFENDANT'S AFFIRMATIVE DEFENSES

### SECOND DEFENSE

76. The Complaint fails, in whole or in part, to state a claim against Defendant upon which relief may be granted.

### THIRD DEFENSE

77. Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations to the extent that those claims are predicated in whole or in part upon events occurring outside the relevant period(s) of limitations.

### FOURTH DEFENSE

78. Plaintiffs' claims under the FLSA are barred to the extent that Defendant' actions have been taken in good faith in conformity with and reliance upon established rulings, administrative regulations, and interpretations of the FLSA, within the meaning of 29 U.S.C. § 259.

COLE, SCOTT & KISSANE, P.A.
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

## FIFTH DEFENSE

79.     Plaintiffs' claims are barred, in whole or in part, to the extent that the doctrines of unclean hands, waiver, estoppel, laches, fraud, and/or illegality are applicable to the facts of this case.

## SIXTH DEFENSE

80.     Plaintiffs' claims are barred to the extent that Defendant has not violated any contractual or other legal duty owed to them.

## SEVENTH DEFENSE

81.     Plaintiffs' claims are barred, in whole or in part, by their execution of WH-58 forms covering some or all of the alleged FLSA violations

## EIGHTH DEFENSE

82.     Plaintiffs' claims for liquidated damages are barred, in whole or in part, in that, to the extent that Defendant may have violated any state or federal law in connection with the payment or withholding of wages, which is expressly denied, the act and/or omission constituting such violation(s) was not deliberate and was made in good faith, and Defendant had reasonable grounds for believing that the act or omission was not a violation.

## NINTH DEFENSE

83.     Plaintiffs have failed to mitigate some or all of their alleged damages, and some or all of the purported damages may be subject to set-off and/or offset.

## TENTH DEFENSE

84.     Defendant has not committed and/or is not responsible for any actions that might be deemed to support the recovery of punitive, treble, or otherwise exemplary

damages and, in any event, the imposition of such damages is barred by the United States Constitution and/or the constitutions of Florida and/or North Carolina.

### ELEVENTH DEFENSE

85. To the extent that Defendant's employees or agents engaged in any unlawful conduct, which is expressly denied, such actions were outside the scope of their employment or agency, were contrary to the policies, practices, and directives of Defendant, were not done in furtherance of Defendant's business interests, and were not ratified by Defendant.

### TWELFTH DEFENSE

86. Some or all of Plaintiffs' claims are frivolous, unreasonable, and vexatious, and Defendant is entitled to an award of fees and costs incurred in the defense of this matter.

### THIRTEENTH DEFENSE

87. Plaintiffs' claims are barred, in whole or in part, by their breach of a duty of loyalty.

### FOURTEENTH DEFENSE

88. Plaintiffs lack standing, in whole or in part, to bring the causes of action set forth in the Complaint.

### FIFTEENTH DEFENSE

89. Defendant have complied in good faith with applicable laws and regulations and, having so complied, acted without improper motive. Therefore, any alleged injury to Plaintiffs, the existence of which is expressly denied, is not actionable.

## SIXTEENTH DEFENSE

90. The employment and recordkeeping practices of Defendant are now, and have been at all applicable times, conducted in all respects in accordance with state and federal laws, and in good faith.

## SEVENTEENTH DEFENSE

91. Plaintiffs' claims are barred to the extent that they seek to recover for work or circumstances that are exempt from coverage under the relevant provisions of the FLSA or other applicable statute.

## EIGHTEENTH DEFENSE

92. Plaintiffs' claims under the applicable statute(s) are barred to the extent that Plaintiffs have submitted false and/or otherwise inaccurate time reports or records.

## NINETEENTH DEFENSE

93. Plaintiffs' claims are barred to the extent they have been paid all wages due.

## TWENTIETH DEFENSE

94. Plaintiffs' claims are barred to the extent they seek to recover compensation for activities that are non-compensable, including under the Portal-to-Portal Act.

## TWENTY-FIRST DEFENSE

95. Some or all of the activities for which Plaintiffs allegedly were not compensated involve only insubstantial or insignificant periods of time, or are *de minimus* and are not compensable under any applicable law or regulation.

**TWENTY-SECOND DEFENSE**

96. To the extent that any of Plaintiffs' claims are derivative of other claims raised in the Complaint, such derivative claims are precluded because Plaintiffs cannot establish the underlying predicate claim(s).

**TWENTY-THIRD DEFENSE**

97. Plaintiffs cannot establish that any acts or omissions by Defendant were willful.

**TWENTY-FOURTH DEFENSE**

98. Plaintiffs' claims are barred to the extent that they are based on any provision of law that is precluded by the FLSA or any other statute.

**TWENTY-FIFTH DEFENSE**

99. To the extent that any contractual relationship might be found to have existed between any of the Plaintiffs and Defendant, those Plaintiffs breached the contract, thereby relieving Defendant of any obligation to further perform under the contract.

**TWENTY-SIXTH DEFENSE**

100. Defendant reserves the right to amend, alter, supplement, or change his Answer, as may be reasonable and proper during the course of this litigation.

\* \* \*

Wherefore, Defendant denies that Plaintiffs are entitled to any relief whatsoever, based on the allegations in the Complaint. Defendant requests that the Court dismiss the claims with prejudice and that Defendant be awarded costs, non-taxable expenses,

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9900 - (813) 286-2900 FAX

taxable costs, interest on those amounts as provided by law, and such further relief as the Court may deem appropriate.

## **RESERVATION OF RIGHT TO ASSERT AFFIRMATIVE DEFENSES**

Defendant reserves the right to assert such other affirmative defenses available as may be revealed through discovery and disclosure in this matter.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF system this 17th day of August 2015, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> Attorneys for Defendant
> 4301 West Boy Scout Boulevard
> Suite 400
> Tampa, Florida 33607
> brian.rubenstein@csklegal.com
> Telephone:   (813) 864-9324
> Facsimile:   (813) 286-2900
>
> By: */s/ Brian Rubenstein*
> BRIAN D. RUBENSTEIN
>    FBN:   0016997