UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

_____
                                                          )
**MIRELLA BARRIGA-BERMUDEZ,**          )
**GABRIELA LIZBETH DOMINGUEZ-AVILA,** )
**EFREN FLORES-HERNANDEZ,**             )
**DAMIAN GALICIA-GONZALEZ,**            )
**SEBASTIAN  HERNANDEZ-MENA,**          )
**JOSE LUIS RAMIREZ-CALVILLO,**         )
**GUILLERMO RIVERA-MACIAS and**         )
**YURELI TORRES,**                      )
                                                          )
            **Plaintiffs,**                 )
                                                          )
      **vs.**                               )
                                                          )      Case No.: 8:15-cv-1171-T-30TGW
**RODRIGO GUTIERREZ- TAPIA,**           )
                                                          )
            **Defendant.**                  )
_____ )

**JOINT MOTION FOR APPROVAL**
**OF SETTLEMENT AND DISMISSAL WITH PREJUDICE**

On May 4, 2016, the Plaintiffs filed their notice of acceptance of the offers of judgment

made by Defendant Rodrigo Gutierrez-Tapia.  *See* Docket Entry 34.  Because the Plaintiffs

sought, *inter alia*, recovery of back wages under the Fair Labor Standards Act ("FLSA"), Court

approval of the offers is required, even though settlement was reached through a Rule 68 offer of

judgment.  *See Walker v. Vital Recovery Services, Inc.*, 300 F.R.D. 599, 601-02 (N.D. Ga. 2014);

*Kingsley v. Noonan*, No. 6:12-cv-500, 2012 WL 5378743 at *1 (M.D. Fla. Oct. 31, 2012) ("The

Court rejects Plaintiff's argument that the fact that the settlement was effectuated through an

offer of judgment made pursuant to Fed.R.Civ.P. 68 insulates the settlement from fairness scrutiny.")

## PROCEDURAL HISTORY AND STIPULATED FACTS

The Plaintiffs were employed by Defendant to harvest blueberries and other crops in Florida and/or North Carolina in 2013 or 2014. The Plaintiffs are H-2A guestworkers who brought this action under the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), federal regulations governing the temporary foreign agricultural workers programs, 20 C.F.R. §§ 655.100, *et seq.,* and Florida's common law governing contracts. *See* Complaint for Damages, Costs of Litigation and Attorney's Fee (Docket Entry 1), at 1-2, 13-15, §§ 1, 56-58, 62-63,[1]  One of the Plaintiffs also claims violations of the Trafficking Victims Protection Reauthorization Act. *Id.,* at 2, 15-17, §§ 3, 65-73.  Defendant contends that the Plaintiffs have no viable legal claims, as Defendant did not engage in the wrongdoing alleged.

### The Offers of Judgment

Pursuant to the Court's scheduling order, a number of the Plaintiffs provided answers to the Court's interrogatories, including estimates of their damages.[2]   The alleged damages consisted of several components.  Several of the Plaintiffs contended that they paid recruitment fees to Defendant's agent in order to obtain their jobs.  These recruitment fees, if charged, would have violated the regulations governing the H-2A program., 20 C.F.R. §655.135(j), and resulted in underpayment of wages.  *See Avila-Gonzalez v. Barajas*, No. 2:04cv567, 2006 WL 643297 at

---

[1] Aliens admitted to the United States for temporary agricultural employment are often referred to as "H-2A workers."  *See Rosario-Guerrero v. Orange Blossom Harvesting, Inc.*, 265 F.R.D. 619, 622 (M.D. Fla. 2010; *Figueroa-Cardona v. Sorrells Bros. Packing Co.*, No. 2:05cv601. 2007 WL 672303 at *1 (M.D. Fla., Feb. 14, 2007).

[2] Ultimately, five of the eight Plaintiffs filed responses to the Court's interrogatories: Gabriela Lizbeth Dominguez-Avila, Sebastian Hernandez-Mena, Jose Luis Ramirez-Calvillo, Guillermo Rivera-Macias, and Yureli Torres.

*2 (M.D. Fla., Mar. 2, 2006). In addition the Plaintiffs contended that they incurred pre-employment visa, lodging and travel expenses that were not reimbursed to them in their initial week of employment. *See Moreno-Espinosa v. J & J Ag Products, Inc.*, 247 F.R.D. 686, 689 (S.D. Fla. 2007) ("under Eleventh Circuit case law, workers must be reimbursed for pre-employment expenses in the first week of employment," citing *Arriaga v. Florida-Pacific Farms, LLC*, 305 F.3d 1228,1237 (11th Cir. 2002). The workers also complained that they were not reimbursed for their outbound travel and subsistence costs en route at the end of the harvest, as required by 20 C.F.R. § 655.122(h)(2). Finally, the Plaintiffs contended that their weekly earnings fell short of the minimum level required under the applicable adverse effect wage rate. *See* 20 C.F.R. §§ 655.120(a) and 655.122(l)(2)(i) (requiring employer to supplement piece-rate earnings if they total less than the adverse effect wage rate for the hours worked). *See* Plaintiffs' estimated damages, Docket Entry 16-6.[3]

Pursuant to the Court's Scheduling Order (Docket Entry 13), the Parties met to settle all issues in the case. While no agreement was reached at the meeting, discussions between the Parties continued, ultimately resulting in service of the offers of judgment.

The offers of judgment include payment for each element of damage set out in the Plaintiffs' damage computations. These figures also include liquidated damages with respect to the Plaintiffs' claims under the FLSA. The amount of liquidated damages is substantially higher for those Plaintiffs who established their FLSA claims by filing responses to the Court's interrogatories.

The Parties have concluded that the benefits of settlement outweigh the benefits of protracted litigation. The Parties disagree as to whether the payroll records are substantially

---

[3] No damages were included for Efren Flores-Heranndez's claim under the TVPRA because he failed to respond to the Court's interrogatories.

accurate and have concluded that, considering the relatively small amounts in controversy, the offers of judgment spare the Parties the time and expense of litigating this case further. All Parties were counseled and represented by their respective attorneys throughout the litigation and with regard to the offers of judgment.

The offers of judgment are based on the Plaintiffs' responses to the Court's interrogatories and the data produced by the Defendant from his payroll records, also in response to the Court's scheduling order. *See* Docket Entry 22. The variances in the amounts stem in part from differences in the duration the individual Plaintiffs' employment with the Defendant's crew. Some of the Plaintiffs worked only a few weeks with Defendant's crew, while others were employed for several months and worked in several different states. In addition, adjustments were made to reflect some Plaintiffs' receipt of back wages through an enforcement action against the Defendant by the United States Department of Labor's Wage and Hour Division.

The parties agree that the bulk of the Plaintiffs' wage claims stem from the alleged failure of the Defendant to pay the applicable adverse effect wage rate of between $8.56 and $8.82 per hour, rather than from any shortages under the lower FLSA mínimum wage of $7.25 per hour. However, in order to make certain that the Plaintiffs receive all of their unpaid mínimum wages as established through their interrogatory responses, the offers of judgment allocate amounts to the FLSA claims which the parties agree unquestionably, exceed any FLSA underpayments. In addition, the offers include liquidated damages equal to the amount of unpaid FLSA mínimum wages. Accordingly, each Plaintiffs' FLSA back wage claim, as established through his or her responses to the Court's interrogatories, is satisfied in full, and matched with an award of liquidated damages.

Under the offers of judgment, the Defendant agrees to pay the Plaintiffs the gross amount of $26,791.54 for FLSA back wages and alleged breach of contract damages. The sum is to be disbursed to each of the Plaintiffs as follows:

| Plaintiff | FLSA unpaid wages | FLSA liquidated damages | Contract damages | Total damages |
|---|---|---|---|---|
| Mirella Barriga Bermudez | $100.00 | $100.00 | $2000.00 | $2200.00 |
| Gabriela Lizbeth Dominguez-Avila | $1000.00 | $1000.00 | $3484.00 | $5484.00 |
| Efren Flores-Hernandez | $100.00 | $100.00 | $1600.00 | $1800.00 |
| Damian Galicia-Gonzalez | $100.00 | $100.00 | $300.00 | $500.00 |
| Sebastian Hernandez-Mena | $1000.00 | $1000.00 | $3556.00 | $5556.00 |
| Jose Luis Ramirez-Calvillo | $1000.00 | $1000.00 | $800.00 | $2800.00 |
| Guillermo Rivera-Macias | $1000.00 | $1000.00 | $3556.00 | $5556.00 |
| Yureli Torres | $1000.00 | $1000.00 | $895.54 | $2895.54 |

By their terms, the offers of judgment resolve only the claims in this action.  No general release is sought, because the settlement "shall have no effect whatsoever except is settlement of [the claims Plaintiffs have brought in this action]."  *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1351-52 (M.D. Fla. 2010).  Neither do the offers of judgment impose any sort of confidentiality requirements.  *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1242 (M.D. Fla. 2010).

- 5 -

**Attorney's Fees and Costs**

The offers of judgment provide that the Plaintiffs will be paid reasonable costs and attorney's fees.   *Dees*, 706 F.Supp.2d at 1243.  The parties will attempt to informally agree on these amounts.  If no agreement can be reached, the Court will determine the costs and fees. This process insures that the attorney's fees and costs are negotiated separately from the alleged damage awards, and thus do not reduce the amount of back wages and contract damages allegedly due to the Plaintiffs.

**<u>MEMORANDUM OF LAW</u>**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees.  First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of settling private FLSA suits, the parties may "present the district court a proposed settlement" and "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Nall v. Mal-Motels, Inc.,* 723 F.3d 1304, 1306 (11th Cir. 2013), citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Eleventh Circuit has acknowledged that, "[i]f a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354; *Cruz v. Winter Garden Realty, LLC*, 2013 WL 4774617 at *3 (M.D. Fla., Sep 4, 2013) (if the parties adequately disclose the reasons for a compromise, it may be approved by the court).

Court approval of settlements in private FLSA actions is often appropriate when the employee has the assistance of counsel:

> The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, where the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.3d at 1354; *see also Dees*, 706 F.Supp.2d at 1241 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach, almost by definition, will be reasonable.  Rarely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'").  Courts have approved FLSA settlements when the plaintiff employee is receiving "most" of his back wages, "considering the vagaries of litigation." *Hill v. Unifirst Corp.,* 2013 WL 4495130, at *2 (M.D. Fla. Aug. 2, 2013). The Settlement Agreement presented by the Parties in this case is a fair and reasonable resolution of the disputed legal issues as the Plaintiffs are receiving the full amount of the asserted back wages due under the FLSA, plus substantial contract damages.

The settlement created by the Plaintiffs' acceptance of the offers of judgment is not the result of any fraud or collusion by, between, or among any of the parties or counsel for the Parties. The Parties' respective attorneys have zealously represented their clients' interests since the commencement of this litigation. Counsel and the Parties have determined that continued litigation would be inefficient in light of the amount in controversy and the projected costs of litigating Defendant's liability for violations of the minimum wage provisions of the FLSA and

violations of contractual obligations to the Plaintiffs. Continued litigation would require the Parties to engage in extensive discovery, prolonging and increasing the costs of litigation.

<u>**CONCLUSION**</u>

The Parties jointly request that this Court approve the settlement created through the Plaintiffs' acceptance of the Defendant's offer of judgment.  The Parties request that the Court direct the clerk to enter judgment against the Defendant in the amounts set out in the offer of judgment.  The Court should retain jurisdiction regarding the payment of costs and attorney's fees to the Plaintiffs' counsel, either as agreed upon by the Parties, or, in the absence of an agreement, in amounts to be determined by the Court.


For the Plaintiffs:                          For the Defendant:


*/s/ Gregory S. Schell*                      */s/ Paul H. Derrick*
Gregory S. Schell                            Paul H. Derrick
Florida Bar Number 287199                    North Carolina Bar Number 27366
MIGRANT FARMWORKER LEGAL                     FREEMAN, MATHIS & GARY, LLP
       JUSTICE PROJECT                       5540 Centerview Drive
Post Office Box 32159                        Suite 200
Palm Beach Gardens, Florida  33420           Raleigh, North Carolina  27606
Telephone:    (561) 582-3921                 Telephone:    (919) 424-3850
Facsimile:    (561) 328-3814                 Facsimile:    (919) 786-9662
e-mail:       Greg@Floridalegal.Org          e-mail:       pderrick@fmglaw.com